IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELLE MASSIE,

    Plaintiff,

v.                                        Case No. 24-1133 DHU/SCY

LOVELACE MEDICAL GROUP;
REGINA CAPPELLE; and
DR. PARUCHURI,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Pro se Plaintiff Michelle Massie makes two allegations against Defendant Nurse Practitioner Regina Cappelle:[1] (1) N.P. Cappelle failed to timely provide medical documentation Plaintiff requested which caused Plaintiff to lose in-home care services; and (2) N.P. Cappelle scheduled an unnecessary appointment for the purpose of billing Plaintiff's insurance. Doc. 1-1. Regarding Defendant doctor Ben Paruchuri, Plaintiff alleges he billed Plaintiff's insurance for an office visit where Plaintiff was only seen by a medical student. *Id.* Finally, Plaintiff alleges Defendant Lovelace Medical Group (later identified as Southwest Medical Associates) violated its duty to provide Plaintiff competent medical care, ensure compliance with professional standards, and prevent fraudulent billing. *Id.* Defendants filed a motion to dismiss Plaintiff's complaint, Doc. 3, Plaintiff filed an amended complaint, Doc. 14, and Defendants moved to strike Plaintiff's amended complaint, Doc. 20. Plaintiff then filed a motion and a revised motion to amend her complaint. Docs. 21, 29.

---

[1] At various times, including in the caption of her complaint, Plaintiff refers to N.P. Cappelle as "Cappella" or "Capella". Based on Defendants' briefs, the correct spelling appears to be "Cappelle." *See e.g.*, Doc. 3 at 1.

Having reviewed these motions,[2] I find that Plaintiff's complaint fails to state a federal claim; therefore, the Court should dismiss Plaintiff's federal law claim and decline supplemental jurisdiction over her state law claims. Further, the Court should strike Plaintiff's amended complaint because Plaintiff did not obtain the required leave to file the complaint. Finally, because Plaintiff's proposed amended complaint would be futile as to the proposed federal claim, the Court should deny her request to amend her complaint as to the proposed federal claim.

## PROCEDURAL BACKGROUND

On October 2, 2024, Plaintiff Michelle Massie filed a complaint in state court against Defendants Lovelace Medical Group, N.P. Cappelle, and Dr. Paruchuri for negligence, fraudulent billing practices, breach of professional duty, and failure to supervise. Doc. 1-1. On November 6, 2024, Defendants removed this matter to federal court, citing federal jurisdiction over the claim arising under federal law and supplemental jurisdiction over the claims arising under state law. Doc. 1. At the same time, Defendants filed a motion to dismiss or for more definite statement. Doc. 3. Plaintiff responded to the motion to dismiss, Doc. 13, and also filed an amended complaint, Doc. 14. Defendants filed a reply to the motion to dismiss, Doc. 18, along with a motion to strike the amended complaint. Doc. 20. In response, Plaintiff filed a motion for leave to file an amended complaint, attaching a different version of the amended complaint than the one she previously filed on the docket. Doc. 21; *see also* Doc. 26 (Defendants' response in opposition). Plaintiff then filed a surreply to the motion to dismiss, Doc. 22, and a notice of completion of briefing as to the motion to dismiss, Doc. 23.

---

[2] The Honorable David H. Urias referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 27.

Defendants later moved to strike Plaintiff's surreply (Doc. 22) and notice of completion of briefing (Doc. 23). Doc. 25. Plaintiff filed a response to the motion to strike, Doc. 28, as well as a motion for leave to withdraw and refile the notice of competition of briefing. Doc. 30. After Defendants filed a reply to the motion to strike, Doc. 31, Plaintiff filed a surreply, Doc. 34, which Defendants moved to strike, Doc. 38. Thereafter, Plaintiff filed a revised motion for leave to amend the complaint, again attaching a different version of the complaint than previously submitted to the Court. Doc. 29; *see also* Doc. 32 (Defendants' response in opposition). Lastly, on March 3, 2025, Plaintiff filed a motion to compel arbitration. Doc. 35; *see also* Doc. 39 (response); Doc. 40 (reply).

## ANALYSIS

When a plaintiff proceeds pro se, the court generally construes her pleadings liberally, holding them to a less stringent standard than those a party represented by counsel files. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for a pro se litigant's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.* Additionally, "[p]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *see also United States ex rel. May v. United States*, 839 F. App'x 214, 216 (10th Cir. 2020) ("[P]ro se litigants must follow the same procedural rules that govern other litigants."). !

3

With these standards in mind, I turn to addressing the various motions, starting with motions concerning striking the complaint or briefing documents. I then turn to Defendants' motion to dismiss and Plaintiff's most recent motion to amend her complaint.

1. **Motion to Strike Amended Complaint (Doc. 20)**

After Defendants filed a motion to dismiss the original complaint, Plaintiff filed an amended complaint, Doc. 14, which Defendants now move to strike.[3] Doc. 20. Rule 15 allows a party to amend a complaint as a matter of course no later than 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f).[4] Fed. R. Civ. P. 15(a)(1)(B). Amendments after that time may be done only with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants filed their Rule 12(b)(6) motion to dismiss Plaintiff's original complaint (alternatively seeking a more definite statement under Rule 12(e)), on November 6, 2024. Doc. 3. Defendants served the motion to dismiss on Plaintiff by mail, Doc. 3 at 11, which adds three days to the time Plaintiff has to file an amended complaint as a matter of course. *See* Fed. R. Civ. P 6(d). Accordingly, the deadline for Plaintiff to amend her complaint as a matter of course was December 2, 2024, given that the 24-day deadline fell on a Saturday (November 30). *See* Fed. R. Civ. P. 6(a)(1)(C). Plaintiff, however, did not file her amended complaint until December 5, 2024, or 29 days after service of the motion to dismiss. Doc. 14. Because Plaintiff did not file her amended complaint within the

---

[3] Plaintiff did not file a response to the motion to strike and her time to do so has expired. D.N.M. LR-Civ. 7.4(a). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). ‼

[4] Rule 15(a) also allows a party to amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Here, Plaintiff served Defendants on October 7 and 8, 2024, Doc. 1 ¶ 2, and so her amended complaint filed December 5, 2024 falls well outside that 21-day deadline.

4

24-day window allowed, Rule 15 required her to obtain Defendants' consent or leave of the Court as a prerequisite to this filing. Plaintiff obtained neither and therefore did not meet this prerequisite. Consequently, I recommend the Court grant Defendants' Motion to Strike Amended Complaint.

2. **First Motion to Amend (Doc. 21)**

After Defendants filed a motion to dismiss the original complaint, and after Plaintiff filed her amended complaint without leave of the Court, Plaintiff filed a Motion for Leave to Amend Complaint. Doc. 21, filed December 23, 2024. About a month later, Plaintiff filed a Revised Motion for Leave to Amend Complaint. Doc. 29, filed January 29, 2025. Given the revised motion, I recommend that the Court deny as moot Plaintiff's initial Motion for Leave to Amend Complaint.

3. **Motion to Strike (Doc. 25), Second Motion to Strike (Doc. 38), and Motion to Withdraw (Doc. 30)**

The remaining dispositive motions are Defendants' motion to dismiss Plaintiff's original complaint (Doc. 3) and Plaintiff's revised motion to amend her complaint (Doc. 29). Before turning to the merits of Defendants' motion to dismiss, however, I must address which briefing documents the Court should consider in connection with the motion to dismiss. Thus, I now consider the motion to strike (Doc. 25), second motion to strike (Doc. 38), and motion to withdraw (Doc. 30).

Defendants filed a motion to dismiss the original complaint on November 6, 2024. Doc. 3. After Plaintiff filed a response, Doc. 13, and Defendants filed a reply, Doc. 18, Plaintiff filed a "Final Reply to Defendants' Motions to Dismiss," (Doc. 22)—i.e., a surreply—and notice of

completion of briefing (Doc. 23).[5] Defendants then moved to strike Plaintiff's surreply and notice of completion of briefing. Doc. 25; *see also* Doc. 28 (response)[6]; Doc. 31 (reply); Doc. 34 (surreply).[7]

    Looking first at the surreply, this Court's Local Rules contemplate that briefing on a motion will consist of the motion, a response, and a reply. D.N.M. LR-Civ. 7.1(b), 7.4(a). Thus, under the Local Rules, "[t]he filing of a surreply requires leave of the Court." D.N.M. LR-Civ. 7.4(b). Here, Plaintiff did not obtain leave of the Court to file her surreply to the motion to dismiss. In response to the motion to strike, Plaintiff acknowledges her procedural misstep and

---

[5] Defendants, as to the moving parties, also filed a notice of completion of briefing following their reply. Doc. 19.

[6] Plaintiff attached three documents to her response to the motion to strike: (1) "Plaintiff's Reply in Support of Motion to Amend Complaint (Doc. 21) and Response to Defendants' Opposition (Doc. 26)", Doc. 28-1; (2) Notice of Completion of Briefing as to the motion to dismiss, Doc. 28-2; and (3) Plaintiff's Revised Motion for Leave to Amend, Doc. 28-3. None of these documents relate to the motion to strike the surreply. To the extent Plaintiff intended to file them as separate docket entries, instead of as attachments to her response to the motion to strike, none of them change my recommendations. First, given that Plaintiff's first motion to amend (Doc. 21) is moot in light of the revised motion to amend Plaintiff filed thereafter (Doc. 29), Plaintiff's reply to her first motion to amend (Doc. 28-1) is also moot. Second, as analyzed more fully below, as the non-movant, it was not Plaintiff's prerogative to file a notice of completion of briefing as to the motion to dismiss (Doc. 28-2). Moreover, nothing in this notice bears on the substance of a dispositive motion. Lastly, the revised motion to amend (Doc. 28-3) is the same document as Plaintiff's second motion to amend (Doc. 29).

[7] Plaintiff filed this surreply to the motion to strike without seeking leave of the Court and without explaining why a surreply is necessary. Doc. 34. Indeed, the majority of the surreply is unrelated to the motion to strike and instead addresses Defendants' litigation tactics and requests that the Court compel arbitration in this matter. *Id.* Plaintiff filed this unauthorized surreply after previously acknowledging the requirement to obtain leave of the Court for a surreply and promising to "seek[] proper leave for all future filings." Doc. 28 at 1. Defendants filed a motion to strike this surreply, Doc. 38, and Plaintiff did not file a response, thereby consenting to the motion to strike. *See* D.N.M. LR-Civ. 7.1(b). Further, for the same reasons discuss below regarding Plaintiff's surreply to the motion to dismiss, I recommend that the Court strike the surreply to Defendants' motion to strike. Should the Court disagree and decide not to strike Plaintiff's surreply to the motion to strike, nothing in the surreply changes my analysis regarding the motion to strike.

6

asks the Court to overlook it given her pro se status. Doc. 28. However, even if the Court were to overlook Plaintiff's failure to request leave of the Court before filing her surreply, Plaintiff fails to explain why she needs a surreply. *See Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1180 (D.N.M. 2015) ("A surreply is appropriate and should be allowed where new arguments are raised in a reply brief.") (internal quotation marks and citation omitted). As such, I recommend that the Court strike Plaintiff's surreply to the motion to dismiss.[8]

Moving next to the notice of completion of briefing, under the Local Rules, the movant is responsible for filing "a notice certifying that the motion is ready for a decision and identifying the motion and all related filings by date of filing and docket number." D.N.M. LR-Civ. 7.4(e). Defendants, as the movants of the motion to dismiss, had the duty to file a notice of completion of briefing, which they did, Doc. 19. As such, I agree with Defendants that the Court should strike Plaintiff's improperly filed notice of competition of briefing as to the motion to dismiss. Lastly, Plaintiff filed a motion for leave to withdraw the notice of completion of briefing as to Defendants' motion to dismiss (Doc. 23) and refile it. Doc. 30. Because I recommend striking the notice of competition of briefing, I recommend denying as moot Plaintiff's motion to withdraw and refile it.

In sum, when deciding the motion to dismiss Plaintiff's original complaint, I recommend that the Court do so on the basis of the motion (Doc. 3), the response (Doc. 13), and the reply (Doc. 18).

---

[8] Should the Court disagree and decide not to strike Plaintiff's surreply to the motion to dismiss, nothing in the surreply changes my analysis below regarding the motion to dismiss.

### 4. Motion to Dismiss (Doc. 3)

In their motion, Defendants ask the Court to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim, or in the alternative they seek a more definite statement under Rule 12(e). Doc. 3 at 1. In their reply, Defendants withdraw their request for a more definite statement, Doc. 18 at 4, and so I do not analyze that request.

    a. <u>Factual Allegations</u>

For the purposes of this motion, I accept the following factual allegations from the complaint as true. The complaint brings claims against Lovelace Medical Group (correctly identified by Defendants as Southwest Medical Associates), N.P. Regina Cappelle, and Dr. Ben Paruchuri. Doc. 1-1. Both N.P. Cappelle and Dr. Paruchuri were employed by Lovelace Medical Group at the time relevant to the complaint. *Id.* at 2. Plaintiff requires in-home health care services and has been a patient of Lovelace Medical Group for five years. *Id.*

On September 24, 2024, Plaintiff's caseworker contacted N.P. Cappelle to request medical documentation necessary to renew Plaintiff's in-home health care services, which was set to expired on October 1, 2024. *Id.* N.P. Cappelle failed to respond; consequently, on September 26, 2024, Plaintiff sent a formal letter to N.P. Cappelle reiterating the need for documentation. *Id.* That same day, Plaintiff drafted another letter for N.P. Cappelle's signature and provided it to N.P. Cappelle with specific instructions for N.P. Cappelle to sign the letter. *Id.* N.P. Cappelle did not respond to either letter. *Id.* Plaintiff then visited N.P. Cappelle's office on September 27, 2024, and was informed that N.P. Cappelle had scheduled an appointment for Plaintiff on September 30, 2024, despite Plaintiff's repeated communications that no further

evaluation was necessary.[9] *Id.* As a result of N.P. Cappelle's failure to provide timely medical documentation, Plaintiff lost access to her in-home health care services. *Id.* at 5. This loss has forced her to hire temporary care at her own expense. *Id.*

Additionally, Plaintiff scheduled an appointment with Dr. Paruchuri, a pulmonary specialist, for September 23, 2024. *Id.* Upon arrival for her appointment, Plaintiff waited 40 minutes and then was treated by a medical student, not Dr. Paruchuri. *Id.* Plaintiff requested to see Dr. Paruchuri, but he never appeared for her appointment and provided no follow-up. *Id.* Dr. Paruchuri then billed Plaintiff's insurance as though he had treated her personally, despite not having done so. *Id.* As a result of this lack of proper medical attention, Plaintiff suffered emotional distress and anxiety. *Id.* at 8.

Plaintiff brings four counts in her complaint: (1) negligence against all Defendants; (2) fraudulent billing against Lovelace and Dr. Paruchuri; (3) breach of professional duty against Lovelace and N.P. Cappelle; and (4) failure to supervise against Lovelace and Dr. Paruchuri. *Id.* at 10-13.

---

[9] Plaintiff also attached to her complaint a series of messages between herself and N.P. Cappelle showing that Plaintiff drafted a letter for N.P. Cappelle to sign, certifying that Plaintiff "recently suffered a stroke," resulting in sever impairment to her right arm and hand and, as such, it is N.P. Cappelle's "professional recommendation" that Plaintiff receive home care service. Doc. 1-1 at 18. N.P. Cappelle responded that same day to Plaintiff, stating: "I have not seen you, nor evaluated you for this specifically, and therefore will not sign a letter that someone else [has] drafted using my medical guarantee that the facts are true." *Id.* at 19. N.P. Cappelle requested that Plaintiff schedule an appointment "to be evaluated for the 25 hours per week, as I do understand fully that you need support within the home." *Id.* Plaintiff refused to schedule an appointment, asserting that "[n]othing has changed" and that she saw N.P. Cappelle last month. *Id.* at 19-20. N.P. Cappelle then scheduled Plaintiff for an appointment on September 30, 2024, which Plaintiff stated she was unable to attend, and so other appointment dates were offered to Plaintiff. *Id.* at 20-21.

b. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. To withstand a motion to dismiss for failure to state a claim, "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint does not require detailed factual allegations to survive a motion to dismiss for failure to state a claim, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The court's consideration, therefore, is limited to determining whether the complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Nor is the court required to accept as true legal conclusions that are masquerading as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must, however, view a plaintiff's allegations in the light most favorable to her. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

c. <u>Federal Claim</u>

In their motion to dismiss, Defendants argue that "Plaintiff's Complaint makes multiple vague and general references to portions of the New Mexico Administrative Code, Medicaid rules, and CMS rules." Doc. 3 at 6. Thus, they argue that "[t]o the extent that Plaintiff seeks to

bring a claim under any statute or regulation, she has failed to state a claim upon which relief can be granted because she has not identified any such statute or regulation." *Id.* Plaintiff does not respond to this argument and so offers no clarification. *See generally* Doc. 13.

Indeed, it is unclear from reading the complaint if Plaintiff intends to bring a federal claim. Her complaint specifically lists four causes of action under the heading "claims for relief": negligence, fraudulent billing, breach of processional duty, and failure to supervise. Doc. 1-1 at 10-13. When listing the factual background, however, the complaint alleges various violations of federal Medicaid/Medicare rules and requirements. *See, e.g.*, *id.* at 3 ("New Mexico Medicaid requires that healthcare providers, including doctors, provide necessary documentation in a timely manner."); *id.* ("Medicaid also prohibits healthcare providers from scheduling appointments to increase billing if the service or documentation could be provided without requiring a patient to be physically present, especially if the patient's condition has not changed."); *id.* at 4 ("Medicaid prohibits fraudulent billing practices, and Lovelace Medical Group is subject to compliance with both state and federal billing regulations."); *id.* at 7 ("Lovelace Medical Group is required to follow New Mexico state laws, Medicaid guidelines, and CMS rules regarding supervision and billing for services involving medical students.").

Given the placement of these allegations in the factual background and the fact that Plaintiff specifically lists four causes of action, it is likely that Plaintiff is not intending to bring a separate cause of action for violations of Medicaid/Medicare rules and regulations, but that she is alleging these violations to establish a duty which Defendants breached. *See Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957) ("all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction"); *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) ("The party seeking removal

11

bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court."). *Kumar v. ChaseBank, N.A.*, No. 13cv2205, 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013) ("The mere mention of a federal statute in a complaint does not create federal question jurisdiction."). If Plaintiff's reference to violations of Medicaid/Medicare rules and regulations was only intended to establish a duty in connection with her state claims, rather than to bring a federal claim, the purported basis for this Court's jurisdiction—the existence of a federal claim—is absent.

Assuming, however, Plaintiff originally intended to bring a separate cause of action for violations of Medicaid/Medicare rules and regulations, I agree with Defendants that she fails to allege a plausible claim. Even if a defendant violated Medicaid/Medicare rules and regulations, Plaintiff, as a private party, is not empowered to enforce Medicaid/Medicare rules and regulations or to hold a defendant accountable for violating those rules and regulations. Plaintiff cites nothing in Medicaid's or Medicare's rules and regulations that provides a cause of action to a private party to enforce their rules and regulations or obtain compensation for a violation of such rules and regulations.

My conclusion that Plaintiff fails to state a claim does not change even if the Court liberally construes her complaint as bringing a claim under 42 U.S.C. § 1983 (a statute to which Plaintiff does not cite in her complaint). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (quoting 42 U.S.C. § 1983). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right,* not merely a violation of federal *law.*" *Id.* (emphasis in original); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) ("Section 1983 provides a remedy only for the

12

deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States. Accordingly, it is *rights,* not the broader or vaguer 'benefits' or 'interests,' that may be enforced under the authority of that section."). Here, it appears that Plaintiff is merely asserting general violations of a federal law (Medicaid/Medicare rules and regulations), without an accompanying violation of a federal right necessary to support a § 1983 action. Further, a § 1983 claim requires state action. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("Under Section 1983, liability attaches only to conduct occurring 'under color of law.' Thus, the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'") (quoting *National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 191 (1988)). Plaintiff does not allege that the Defendants are state actors.

In short, Plaintiff has not established that Medicaid/Medicare rules and regulations allow a private person to bring a federal claim to enforce their rules and regulations or to obtain compensation from a defendant who has violated their rules and regulations. Nor can Plaintiff bring a § 1983 action against Defendants for violating Medicaid's or Medicare's rules and regulations. Therefore, to the extent Plaintiff's complaint intended to bring a federal claim, it fails to state a claim and any such claim should be dismissed.

Normally, such dismissal would be without prejudice. But "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Here, even if Plaintiff moved to amend the claim for violation of Medicaid/Medicare rules and

regulations, there appears to be no version of this federal claim that would state a claim.[10] Because Medicaid/Medicare rules and regulations do not provide a private right of action to a private party, any claim Plaintiff might bring based on a violation of Medicaid/Medicare rules and regulations would be futile. Similarly, any § 1983 claim for violation for Medicaid/Medicare rules and regulations would be futile because Plaintiff cannot establish a violation of a federal right and, even if she could, Defendants Lovelace Medical Group, N.P. Cappelle, or Dr. Paruchuri are not state actors. Therefore, to the extent Plaintiff's complaint is construed as bringing a direct claim under Medicaid/Medicare rules and regulations, or as bringing a claim under § 1983, the Court should dismiss such claim with prejudice.[11]

  d. <u>Supplemental Jurisdiction Over State Law Claims</u>

The remaining claims in Plaintiff's complaint—negligence, fraudulent billing, breach of professional duty, and failure to supervise—arise under state law. As Defendants pointed out in their notice of removal, the Court has supplemental jurisdiction over these claims. Doc. 1 § 4; *see also* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case."). !!

---

[10] In Plaintiff's amended complaint (Doc. 14, which she filed on the docket without leave), she provided specific citations for a claim of violation of Medicare/Medicaid regulations. Doc. 14 at 3, 4, 5 (asserting a violation of "Medicare Conditions of Participation (42 C.F.R. §§ 482.1 et seq.)"). But this claim suffers the same defect as the Medicaid/Medicare claim in her original complaint: Plaintiff appears to be asserting a violation of federal law (Medicare regulations), without an accompanying violation of a federal right that gives her a private cause of action, and Plaintiff alleges no state action to sustain a § 1983 action.

[11] In her original complaint, Plaintiff does not bring a qui tam claim, but in her revised motion to amend she seeks to add one. This futility analysis of the possible federal claim in the original complaint does not apply to a qui tam claim, which I address below in Section V.

The Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has indicated that, if all the federal claims have been dismissed, "the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (holding that if, prior to trial, "all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) (reversing a district court for failing to decline supplemental jurisdiction).

Given that I recommend the Court dismiss with prejudice any federal claim Plaintiff's complaint can be construed as bringing, I also recommend that the Court decline supplemental jurisdiction over the remaining state law claims and remand those claims to the state court.

5. **Revised Motion to Amend (Doc. 29)**

Lastly, Plaintiff moves to amend her complaint. Doc. 29. Under Federal Rule of Civil Procedure 15(a)(2), once the time for amending a pleading as a matter of course has expired, a party may only amend a pleading "with the opposing party's written consent, or the court's leave." "The court should freely give leave when justice so requires." *Id.* However, a court may deny leave based on reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).

The proposed amended complaint asserts that "Defendant Capella [sic], N.P. submitted a fraudulent claim for an office visit on November 30, 2024, which never occurred", and that

15

"[t]here was no insurance claims filed for Plaintiff's visit with Dr. Paruchuri, confirming a lack of medical treatment." Doc. 32 at 3. The proposed amended complaint brings three causes of action: fraud (against N.P. Cappelle and Southwest Medical Associates), negligence (against all Defendants), and breach of contract (against Dr. Paruchuri and Southwest Medical Associates). *Id.* at 4. In this version of the complaint, Plaintiff does not allege any claim for violation of Medicare/Medicare rules and regulations. Instead, the only federal claim she alleges is for a violation of the False Claims Act. *Id.* at 4.

The False Claims Act allows a private person to bring a civil action for false claims on behalf of the person and for the United States Government. 31 U.S.C. § 3730(b)(2). Such actions are called qui tam cases. *See U.S. ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1172 (10th Cir. 2007). However, "[a] pro se litigant may not bring a *qui tam* action." *United States ex rel. May v. United States*, 839 F. App'x 214, 217 (10th Cir. 2020) (citing *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020)).

Thus, I recommend that the Court deny the revised motion to amend as to the False Claims Act count because that claim is futile. Because I recommend that the Court decline supplemental jurisdiction over the state law claims, I recommend that the Court not decide whether to allow amendment as to the state law claims. The state court is in a better position to decide whether to dismiss or allow amendment on the remaining state law claims.  !

## RECOMMENDATION

For the reasons discussed above, I recommend that the Court rule on the pending motions as followed:[12]

---

[12] This PFRD addresses all pending motions except Plaintiff's motion to compel arbitration. Doc. 36. Because I recommend declining supplemental jurisdiction over the remaining state law

- GRANT Defendants' Motion to Strike Amended Complaint (Doc. 20) and STRIKE from the docket Plaintiff's Amended Complaint (Doc. 14);

- DENY AS MOOT Plaintiff's Motion for Leave to Amend Complaint (Doc. 21);

- GRANT Defendants' Motion to Strike Improperly Filed Documents (Doc. 25) and STRIKE from the docket Plaintiff's Final Reply to Defendants' Motions to Dismiss (Doc. 22) and Plaintiff's Amended Notice of Completion of Briefing (Doc. 23);

- GRANT Defendants' Second Motion to Strike Improperly Filed Document (Doc. 38) and STRIKE from the docket Plaintiff's Response to Defendants' Motion to Strike, Notice of Completion, and Reply in Support of Motion to Strike (Doc. 34);

- DENY AS MOOT Plaintiff's Motion for Leave to Withdraw and Refile Notice of Completion of Briefing (Doc. 30);

- GRANT IN PART Defendants' Motion to Dismiss or For More Definite Statement (Doc. 3), dismiss from the original complaint (Doc. 1-1) the federal law claim with prejudice, and decline supplemental jurisdiction over the remaining state law claims; and

- DENY IN PART Plaintiff's Revised Motion for Leave to Amend Complaint (Doc. 29) as to the proposed federal claim.

Steven C. Yarbrough
United States Magistrate Judge

---

claims and remanding this matter to state court, I recommend that the Court leave the issue of whether to compel arbitration on the remaining state law claims to the state court.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**